Filed 5/7/25  P. v. Faulkenbery CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100963 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE001466) |
| v. | |
| DAVID CURTIS FAULKENBERY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant David Faulkenbery filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v.  Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

### BACKGROUND

On January 28, 2023, defendant entered a bar where he encountered victims C.B., J.T., and M.M.[1]  The victims confronted defendant because they mistakenly thought he had taken one of their cell phones.  Defendant responded:  "Give me all your shit.  If you're

---

[1]    To protect their privacy, we refer to the victims by their initials.  (Cal. Rules of Court, rule 8.90(b)(4), (10).)

1

going to accuse me of stealing, now I'm going to steal," pulled out a handgun, and began pointing it at the victims.

Defendant aimed his handgun at C.B. and shot her in the left arm, fracturing it, which required multiple surgeries. Defendant then grabbed J.T.'s cell phone and headphones and left the bar. Police officers tracked J.T.'s cell phone to a car in a nearby neighborhood. Police found defendant inside the car. Defendant had a four-hour standoff with police officers after he barricaded himself in the car. Defendant ultimately surrendered and police found J.T.'s cell phone and headphones, as well as the handgun used to shoot C.B inside the car.

In July 2023, an information charged defendant with assault with a semiautomatic firearm (Pen. Code,[2] § 245, subd. (b); count one), two counts of robbery (§ 211; counts two & three), and unlawful possession of a firearm (§ 29800, subd. (a)(1); count four). The information further alleged a firearm enhancement (§ 12022.5, subds. (a) & (d)) and a great bodily injury enhancement (§ 12022.7, subd. (a)) as to count one, and firearm enhancements (§ 12022.53, subds. (a)-(d)) as to counts two and three. The information also alleged a number of aggravating factors.

In December 2023, the court denied defendant's request for pretrial mental health diversion under section 1001.36. In March 2024, defendant pled no contest to assault with a semiautomatic firearm (count one) and robbery (count three). Defendant admitted the firearm enhancement as alleged in counts one and three. Defendant, by stipulation, admitted to all aggravating factors alleged in the information.

In April 2024, the court sentenced defendant to a term of 28 years 4 months in state prison pursuant to the terms of the plea agreement, consisting of the upper term of 5 years, plus 20 years for the firearm enhancement (§ 12022.53, subd. (c)) on the robbery count and a consecutive term of 2 years on the assault count, plus 16 months for the firearm

---

[2]      Undesignated statutory references are to the Penal Code.

enhancement (§ 12022.5, subd. (a)), one-third the middle term for each.  The court gave defendant credit for 431 actual days plus an additional 65 days work time credit, for a total of 496 days of custody credits.

Defendant, through counsel, filed a timely notice of appeal.  Counsel also requested a certificate of probable cause to appeal the court's denial of his pretrial mental health diversion request, which the court denied.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v.  Wende*, *supra*, 25 Cal.3d at p. 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

/s/_____
WISEMAN, J.*

We concur:

/s/_____
BOULWARE EURIE, Acting P. J.

/s/_____
MESIWALA, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3